IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GEORGE WYATT, JR., § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| V. § | No. 3:15-cv-3281-D-BN | |
| § | | |
| VALERO SERVICE STATION, ET AL., § | | |
| § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the undersigned United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sidney A. Fitzwater. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should dismiss Plaintiff's action without prejudice for lack of subject matter jurisdiction.

**Background**

Without paying the filing fee or moving for leave to proceed *in forma pauperis* ("IFP"), Plaintiff George Wyatt, Jr. filed, *pro se*, a civil complaint the Court received and docketed on October 9, 2015. *See* Dkt. No. 3. To facilitate the screening of this action, Plaintiff was ordered to submit verified responses to Court-issued interrogatories no later than November 13, 2015. *See* Dkt. No. 4. Because the responses Plaintiff submitted [Dkt. No. 6] were incomplete, the Court issued a second round of

interrogatories on October 27, 2015, and Plaintiff was also ordered to complete and submit an IFP application. *See* Dkt. No. 9. Plaintiff again submitted incomplete responses, and he has failed to submit an IFP application. *See* Dkt. No. 12.

The Court also has entered an order to address its concern that subject matter jurisdiction over this action appears lacking [Dkt. No. 11], by which Plaintiff was ordered to file no later than November 30, 2015 a written response to show the Court that it has subject matter jurisdiction over this lawsuit and was warned that the "[f]ailure to comply ... will result in a recommendation that the complaint be dismissed for either lack of subject-matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(h)(3), and/or failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b)," *id.* at 3-4.

Plaintiff's complaint is disjointed, and many of the multiple filings that he has mailed to the Court do not appear related to the claims that he appears to assert through the complaint. *See, e.g.,* Dkt. No. 13 (correspondence received November 5, 2015, including a receipt from Minyard Food Stores, for cigars, a Fuzzy Navel, and eggs); Dkt. No. 17 (docketed as a notice of exhibits and including an order of the Dallas Court of Appeals, dismissing an appeal by Plaintiff in state court, which Plaintiff has annotated as "[t]he plaintiffs herein win his suit and claims damages against the respondent party"); Dkt. No. 18 (docketed as a response to the Court's order concerning subject matter jurisdiction – including excerpts of that order in the response – in which Plaintiff requests that the undersigned provide him $50,000.00, so that he can build a house).

Plaintiff also has filed a "Motion to Amend" [Dkt. No. 14], which contains no factual assertions nor otherwise explains how any pleadings should be amended.

## Legal Standards

The federal courts' jurisdiction is limited, and federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331 & 1332. Because Plaintiff chose to file a lawsuit in federal court, it is Plaintiff's burden to establish federal jurisdiction. And if Plaintiff fails to do so, this lawsuit must be dismissed. *See, e.g.*, *Smith-Lindley v. Tex., Dep't of Family & Protective Servs.*, No. 3:12-cv-4819-K, 2013 WL 4766850, at *1 (N.D. Tex. Sept. 5, 2013) ("A district court must dismiss a case when the plaintiff fails to establish subject-matter jurisdiction." (citing FED. R. CIV. P. 12(b)(1))); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b).

Federal question jurisdiction under 28 U.S.C. § 1331 "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). "A federal question exists 'if there appears on the face of the complaint some

substantial, disputed question of federal law.'" *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)).

The Court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.,* 706 F.2d 633, 636 & n.2 (5th Cir. 1983)).

## Analysis

Plaintiff has not "affirmatively and distantly" alleged jurisdiction. Instead, it appears that this action concerns a claim by a Texas citizen for injuries that he allegedly suffered at a gas station located in Dallas, Texas.

To the extent that Plaintiff has also sued the State of Texas, "[f]ederal courts lack jurisdiction 'over suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it.'" *Bryant v. Tex. Dep't of Aging & Disability Servs.*, 781 F.3d 764, 769 (5th Cir. 2015) (quoting *Moore v. La. Bd. of Elementary & Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014)). Because Plaintiff "has been unable to point to any indication that Congress has abrogated or Texas has waived its immunity," this Court "cannot ... exercis[e] jurisdiction where it is lacking." *Ogrey v. Texas*, 207 F. App'x 383, 385-86 (5th Cir. 2006) (per curiam) ("Considering that sovereign immunity is similar to a subject matter jurisdiction bar, the district court should have considered the

sovereign immunity issue and reached a conclusion, even if technically improperly presented. The court could have considered the issue had it gone *entirely unraised.*" (citing *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 333 n.8 (5th Cir. 2002); emphasis in original)).

Furthermore, and only to the extent that Plaintiff alleges that his claim against Defendant Valero Service Station ("Valero") is somehow "so related to" any claim against the State of Texas, such that the claim against Valero and the claim against Texas "form part of the same case or controversy," 28 U.S.C. § 1367(a), because the claim against the State is barred by immunity, the Court should decline to exercise supplemental jurisdiction over any state law claim against Valero that could fall under the Court's supplemental jurisdiction. *Cf. Perez v. Ormiston*, 364 F. App'x 93, 94 (5th Cir. 2010) (per curiam) ("28 U.S.C. § 1367(c)(3) permits a federal court to decline to exercise supplemental jurisdiction over state law claims when the court has dismissed the claims over which it had original jurisdiction"); *Ingram v. Interstate Sanction Facility*, No. 6:07cv406, 2009 WL 153145, at *2 (E.D. Tex. Jan. 20, 2009) ("Here, the Court acquired original jurisdiction over TDCJ based on the Plaintiff's claims of a violation of federal law under 42 U.S.C. § 1983 and the Eighth Amendment to the U.S. Constitution. However, these federal claims against TDCJ lack merit because they are barred by the doctrine of sovereign immunity set out in the Eleventh Amendment. Thus, the claims over which this Court possessed original jurisdiction are without merit. This Court therefore declines supplemental jurisdiction over the plaintiff's state law claims, deferring instead to the laws and judicial processes of the State of Texas."

(citations omitted)).

Plaintiff also may be challenging a state conviction – Trial Court Cause No. X-11-245-H. But he has not provided the Court with sufficient information to understand any cause of action related to this conviction that he may be alleging.

Therefore, Plaintiff has neither established that federal law creates the asserted cause(s) of action, nor that any right to relief necessarily depends on resolution of a substantial question of federal law, nor that there is complete diversity between the parties, nor that the amount in controversy exceeds $75,000.

## Recommendation

The Court should dismiss Plaintiff's action without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) and deny Plaintiff's Motion to Amend [Dkt. No. 14].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 3, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE